UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:14-CV-170

CLINT HISER, *et al.*,                                                                          Plaintiffs

v.

LAKIN H. SEAY, *et al*,                                                                          Defendants

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon two motions. First, Plaintiffs Clint Hiser and Karen Hiser have filed a Motion to Remand. (Docket No. 13). Defendants Volkswagen De Mexico, S.A. de C.V., and Volkswagen Group of America, Inc. ("VW Defendants") have responded, Docket No. 15, and Plaintiffs have replied, Docket No. 16. Additionally, VW Defendants filed a Motion for Leave to File Sur-Reply to Plaintiffs' Motion to Remand. (Docket No. 19). Plaintiffs have responded, Docket No. 20, and the time for VW Defendants to reply has passed. These matters are now fully briefed and ripe for adjudication. VW Defendant's Request to File a Sur–Reply, (Docket No. 19), is **GRANTED**, and the Court has considered VW Defendant's arguments in their attached Sur-Reply, (Docket No. 19–1). For the following reasons, Plaintiffs' Motion to Remand is **DENIED.**

### BACKGROUND

This litigation arises from an accident that occurred on December 21, 2011, in which Plaintiff Shelby Hiser sustained serious injuries and was paralyzed. Plaintiffs filed suit in the Union County Circuit Court on December 19, 2012 against the VW Defendants, as well as against Lakin Seay, Delores Seay, and the Kentucky Farm Bureau Mutual Insurance Company ("KFB"). The VW Defendants are not citizens or residents of Kentucky, but the Seays and the

1

KFB are citizens or residents of Kentucky. The parties agree that the amount in controversy exceeds $75,000.

On January 18, 2013, the Seays's insurer offered to pay its policy limits of $50,000 in full settlement of claims against the Seays. Docket No. 15-2. On January 23, 2013, the Plaintiffs' counsel sent a letter to KFB's counsel, stating that the Seays were offering to settle with their policy limits and asking KFB to pay its underinsured motorist policy limits of $100,000. *Id.* Plaintiffs invoked *Coots v. Allstate*, 853 S.W.2d 895 (Ky. 1993), which establishes a procedure where an underinsured motorist carrier (here, KFB) can elect to tender its policy limits upon notification that the plaintiff has settled with the underinsured tortfeasor (here, the Seays). Docket No. 15. On January 28, 2013, KFB's counsel responded that his client was prepared to tender its policy limits as long as certain conditions were met. *Id.*

Because the Plaintiff was a minor, Plaintiffs sought approval of the settlement from the Henderson District Court on April 18, 2013; the settlement was approved, but a dispute later arose because the Plaintiffs had not actually accepted the Seays' settlement offer yet, a necessary precursor step under the *Coots* framework. *Id.* The Crittenden Circuit Court denied the Plaintiffs' Motion to Enforce Settlement Agreement on July 11, 2013, because the agreement with KFB was predicated on the Plaintiffs' need to first settle with the Seays. *Id.* After this however, both the Seays and KFB remained willing to pay their policy limits. VW Defendants attach the affidavit of David T. Schaefer, an attorney who alleges that at a settlement conference on March 21, 2014, Plaintiffs' counsel stated that he would not accept the policy limits from the Seays yet because it would allow the VW Defendants to remove the case to federal court. Docket No. 15-5. Schaefer alleges that counsel also noted that because the VW Defendants were

2

served several months after the case was filed, he thought that the statutory one-year deadline had not yet expired. *Id.*

On August 6, 2014, counsel for the VW Defendants received emails which stated that Plaintiffs had accepted the policy limits and were settling with the Seays and KFB. Docket No. 15-6. On August 26, 2014, the VW Defendants filed their Notice of Removal. Plaintiffs now move to remand the action to the Crittenden County Circuit Court under 28 U.S.C. s. 1446(c) and on the grounds that more than one year passed between the commencement of the action and the Notice of Removal.

## STANDARD

Removal is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). An action "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *Id.* Under 28 U.S.C. § 1446, when a case not originally removable to federal court becomes removable, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). 28 U.S.C. s. 1446(c)(1) bars removal of a case to federal court more than 1 year after the commencement of an action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

Following the filing of a notice of removal, a plaintiff may move to remand the case "on the basis of any defect other than lack of subject matter jurisdiction" within thirty days. 28 U.S.C. § 1447(c). Finally, "[t]he removal petition is to be strictly construed, with all doubts

3

resolved against removal." *Her Majesty the Queen in Right of Province of Ontario v. Detroit*, 874 F.2d 332, 339 (6th Cir. 1989) (citations omitted).

## DISCUSSION

1) **VW Defendants' properly removed this case to federal court under 28 U.S.C. § 1446.**

    a. **VW Defendants' removal was timely under 28 U.S.C. § 1446(b)(3).**

Plaintiffs first argue that VW Defendants' removal was not proper because on August 26, 2014, when the Defendants filed their Notice of Removal, the Seays and the KFB had not been yet dismissed from the case. Docket No. 13. The Plaintiffs argue that the state court lost diversity when the Notice was filed, and that the Seays and the KFB are still Defendants in this action, destroying diversity jurisdiction.[1] Docket No. 13. In response, Defendants state that they received notice through e-mail on August 6, 2014 that the Plaintiffs agreed to settle with the Seays and the KFB. Docket No. 15. Defendants attach those e-mails. Docket No. 15-6. Defendants argue that formal dismissal of settled defendants is not required for removal, and that the emails constitute "other paper" under the plain language of 28 U.S.C. § 1446(b)(3). *Id*.

28 U.S.C. § 1446(b)(3) permits removal after a defendant receives notice or "other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). While there is little Sixth Circuit case law on this issue, federal courts have held that formal dismissal of the parties required to create diversity jurisdiction is not required as long as the parties have notice that the case will become removable. *See*, *e.g. Bumgardner v. Combustion Engineering, Inc*. 432 F. Supp. 1289, 1291 (D. S.C. 1977) ("Therefore, the defendants other than [the non-diverse defendant], upon learning of the

---

[1] The Crittenden Circuit Court entered orders dismissing Plaintiffs' claims against the Seays and the KFB with prejudice. Docket No. 15-1.

settlement agreement, had a right to remove because the plaintiff had effectively discontinued its action against [the non-diverse defendant].")

Additionally, 28 U.S.C. § 1446(b)(3) is clear that some document must be received before filing a Notice of Removal. "The definition of 'other paper' is broad and may include any formal or informal communication received by a defendant." *See Nagarajan v. Ostruskza*, 2012 WL 5077691, at *2 (W.D. Ky. Oct. 18. 2012); *Wilson v. Target Corp.*, 2010 WL 3632794, at *2 (S.D. Fla. Sept. 14, 2010); *Yarnevic v. Brinks's, Inc.*, 102 F.3d 753, 755 (4th Cir. 1996). Courts have found that settlement offers and other correspondence between parties can constitute "other paper" under the statute. *See Wilson*, 2010 WL 3632794, at *2; *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1212 n. 62 (11th Cir. 2007) (discussing the judicial development of "other paper"); *Addo v. Globe Life & Accident Ins. Co.,* 230 F.3d 759, 761–62 (5th Cir. 2000) (discussing a post-complaint letter concerning settlement terms). "Documents qualifying as 'other paper' trigger the time period for removal when they result from 'a voluntary act of plaintiff' and make it clear that federal jurisdiction exists." *See Wilson*, 2010 WL 3632794, at *2; *Bosky v. Kroger Tex., L.P.*, 288 F.3d 208, 212 (5th Cir. 2002).

Plaintiffs concede that they had reached settlement agreements with the Seays and KFB, but note that those parties had not been formally dismissed when Defendants filed their Notice. The attached e-mail correspondence indicates that the Plaintiffs "agreed to accept the Seays' policy limits and are now settling with the Seays" and "have indicated they will accept KFB's limits and settle with KFB[.]" Docket No. 15-6. This correspondence indicated to the VW Defendants that the Plaintiffs were settling with the two non-diverse Defendants, and that the case was now removable to federal court. Formal dismissal of the parties required to create diversity jurisdiction is not required as long as the parties have notice that the case will become

removable. As the VW Defendants had notice, the Court holds that their Notice to Remove was timely filed after receiving e-mails from Plaintiffs' counsel. Because a formal dismissal is not required, the Court finds that the Notice of Removal was filed within the deadline, as the emails constituted "other paper."

### b. VW Defendants' removal was permissible under the "bad faith" exception of 28 U.S.C. § 1446 (c)(1).

Alternatively, Plaintiffs argue that the removal was not proper because the VW Defendants filed their Notice for removal more than a year after the case was filed and that the bad faith exception in § 1446(c)(1) does not apply. Docket No. 13. In response, the VW Defendants argue that Plaintiffs' actions do constitute bad faith because Plaintiffs intentionally delayed accepting the settlement offers from the non-diverse Defendants until after the one year removal date had passed. Docket No. 15. Plaintiffs could have settled in July of 2013 by accepting the offers from the Seays and KFB, but they instead waited a year, admittedly intending to prevent removal. *Id.* The VW Defendants note that while parties have completed numerous witness depositions, fact discovery is still ongoing and there were no pretrial deadlines or a trial date set in state court, and all discovery could be easily transferred to federal court. *Id.*

In their Reply, Plaintiffs argue that the Court must strictly construe the removal statute in favor of remand and state that their actions were litigation strategy and not bad faith. Docket No. 16. To explain their delay in accepting the settlement offers from the non-diverse parties, Plaintiffs state that they "did not intend to release the Seay defendants from the case until the Defendants were deposed and Plaintiffs were fully satisfied that the Seays were relatively judgment-proof." *Id.* Additionally, Plaintiffs state that they "admittedly decided to continue the litigation with all parties in the case until the one-year time period passed" due to the "likelihood

6

of attempted removal." *Id.* "This decision was not bad faith . . . it was sound strategy meant to keep the case in state court." *Id.* Finally, in their Sur-reply, Defendants attach the depositions taken of the Seays, in which they made it clear that they did not have any assets and were judgment-proof. Docket No. 19-1. These depositions occurred on June 4, 2013, two months before Plaintiffs accepted the settlement offers from these defendants. *Id.*

The "bad faith exception" was added to 28 U.S.C. § 1446 (c)(1) in 2011. It states that removal based upon diversity jurisdiction may not be sought more than one-year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action. 28 U.S.C. § 1446(c)(1). The Sixth Circuit has not clearly defined the meaning of "bad faith" in the amended statute, however federal courts that have examined the new language agree that the issue is whether the plaintiff engaged in intentional conduct to deny the defendant the chance to remove the case to federal court. See *Taylor v. King*, 2012 WL 3257528 at *4 (W.D. Ky. Aug. 8, 2012); *Ehrenreich v. Black*, 994 F. Supp. 2d 284 (E.D.N.Y. 2014) (discussing the new statutory language and finding that the 'bad faith' exception was not met because the plaintiff did not take any actions intended to prevent removal).

This Court examined the new statutory language in *Taylor*, where the removing defendant alleged fraudulent joinder and bad faith to excuse his tardy removal of the case to federal court. *Taylor*, 2012 WL 3257528 at *5. The Court found that removal was not proper, framing the inquiry in terms of whether the plaintiffs had acted specifically to prevent removal: "there is no basis for concluding that Plaintiffs' tactic in waiting to assert their bad faith claim against [a defendant] was employed specifically to defeat diversity jurisdiction." *Id.*

7

Here, Plaintiffs filed the original complaint in the state trial court on December 19, 2012. The VW Defendants did not file their Notice of Removal until August 26, 2014, which exceeds the one-year deadline. Thus, absent a showing of bad faith, the case may not be removed. The crux of the amendment to the statutory language is whether the Plaintiffs intentionally took actions to prevent Defendants from removing the case to federal court. In the instant situation, Plaintiffs could have accepted settlement offers early on in the litigation. Instead, they state in their Reply that they delayed accepting the offers in order to retain the non-diverse parties to "continue the litigation with all parties in the case until the one-year time period passed" due to the "likelihood of attempted removal" and a desire to keep the case in state court. Docket No. 16. Unlike in *Taylor*, this Court has evidence that Plaintiffs took action "employed specifically to defeat diversity jurisdiction." Because of this, the "bad faith" exception to 28 U.S.C. § 1446(c)(1) applies,  Thus, the VW Defendants properly removed this litigation to federal court.

## CONCLUSION

For these reasons, and consistent with the Court's conclusions above,

IT IS HEREBY ORDERED that the VW Defendant's Request to File a Sur–Reply, (Docket No. 19), is **GRANTED** and Plaintiffs' Motion to Remand, (Docket No. 13), is **DENIED.**