UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:14-CV-170

CLINT HISER, *et al.*,                                                                    Plaintiffs

v.

LAKIN H. SEAY, *et al*,                                                                    Defendants

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Plaintiffs' Motion for Leave to Amend Complaint and Motion for Oral Argument. (Docket No. 29). Defendants Volkswagen De Mexico, S.A. de C.V., and Volkswagen Group of America, Inc. ("VW Defendants") have responded, (Docket No. 31), and Plaintiffs have replied, (Docket No. 32). Further, the Defendants have filed a Motion to Strike. (Docket No. 34). This matter is now fully briefed and ripe for adjudication. For the following reasons, Plaintiffs' Motion for Leave to Amend Complaint is **GRANTED** and Defendants' Motion to Strike is **DENIED.**

### BACKGROUND

This litigation arises from an accident that occurred on December 21, 2011, in which Plaintiff Shelby Hiser sustained serious injuries and was paralyzed. On August 26, 2014, the VW Defendants filed a notice of removal from the Crittenden Circuit Court to this Court following Plaintiffs' settlement with non-diverse parties. On September 25, 2014, Plaintiffs filed a Motion to Remand the matter, which the Court denied on December 4, 2014.

### DISCUSSION

Federal Rule of Civil Procedure 15(a)(2) provides, in pertinent part, that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Courts construe Rule 15 liberally. *Leary v.*

1

*Daeschner,* 349 F.3d 888, 905 (6th Cir. 2003). However, courts may deny leave to amend for several reasons, including undue delay. *See Ziegler v. IBP Hog Market, Inc*., 249 F.3d 509, 519 (6th Cir. 2001) ("Leave to file an amended complaint ... should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility.") (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)). To deny an amendment, the court must state a reason, such as "undue delay, bad faith or dilatory motive ..., repeated failure to cure deficiencies ..., undue prejudice" or "futility of amendment." *Forman*, 371 U.S. at 182.

Amended complaints in this case were due on February 13, 2015, however Plaintiffs filed this Motion on March 18, 2015 leave to file their second amended complaint, which would: 1) eliminate Clint Hister and Karen Hiser as parties as Shelby Hiser has reached the age of majority; 2) eliminate non-diverse parties as those claims have been settled; and 3) add claims for strict liability and gross negligence.  The Defendants do not object to the first two changes, but do objects to the third.  Thus, the Court will only discuss the third issue.

The Plaintiffs argue that as discovery is ongoing, they "believe that gross negligence will likely be apparent, particularly in light of Shelby Hiser's injuries, and they will request punitive damages from the jury."  (Docket No. 29).  To show good cause, the Plaintiffs explain that:

> David Scott was lead counsel in this case for the purpose of prosecuting Plaintiff's crashworthiness claims. As set forth in Mr. Scott's Motion to Withdraw and accompanying affidavit, he has suffered serious health concerns affecting his ability to practice this case and to practice law in general (Doc. 27, 27- 1). He knew that he needed to prepare a motion to amend the plaintiff's complaint prior to the deadline (which he misstated in his motion and affidavit), but simply failed to do so.

*Id.*

In response, the Defendant argue that the Plaintiffs have no new evidence of gross negligence and have not alleged sufficient details to support it. (Docket No. 31).  In reply, the

Plaintiffs argue that discovery is not yet closed, and that the delay is only 34 days, much shorter than the cases cited by Defendants. (Docket No. 32).

The Court finds that given the short nature of the delay, the current procedural posture of the case, and the good cause shown by the mental health problems suffered by Mr. Scott, that it will Grant the motion.

## CONCLUSION

For these reasons, and consistent with the Court's conclusions above,

IT IS HEREBY ORDERED that the Plaintiffs' Motion for Leave to Amend Complaint and Motion for Oral Argument, (Docket No. 29), is **GRANTED** and Defendants' Motion to Strike, (Docket No. 34), is **DENIED.**