UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:14-CV-00170-TBR

SHELBY HISER                                                                                      PLAINTIFF

v.

VOLKSWAGEN GROUP OF AMERICA, INC., *et al.*                            DEFENDANTS

## Memorandum Opinion and Order

This matter is before the Court upon Defendants' objections to Magistrate Judge King's August 1, 2016 Order. [DN 90.] Plaintiff Shelby Hiser has responded, [DN 94], and Defendants have replied, [DN 98]. Fully briefed, this matter is ripe for adjudication. For the following reasons, Defendants' objections [DN 90] are OVERRULED.

## I. Facts and Procedural History

The Magistrate Judge aptly summarized the relevant facts of this case in his August 1, 2016 Order:

> On December 21, 2011, Shelby Hiser sustained serious injuries in a single-car rollover accident and was paralyzed. At the time of the accident, Hiser was 16 years old and a rear seat passenger in a 2000 model year WV New Beetle Sedan (the "subject vehicle). Plaintiffs filed suit on December 19, 2012 against two individuals and an insurance company, all since dismissed from the case, and multiple companies in the Volkswagen corporate family ("VW"). The remaining defendants are Volkswagen A.G., Volkswagen Group of America, Inc., and Volkswagen De Mexico, S.A. de C.V. (collectively "Defendants"). Volkswagen, A.G. ("VWAG") is the Wolfsburg, Germany based parent company of Volkswagen Group of America, Inc., ("VWGoA") its U.S. based subsidiary, and Volkswagen de Mexico, S.A. de C.V., ("VW Mexico") its Mexico based subsidiary.

> This is an automobile product liability suit. Plaintiffs claim Defendants used a seatbelt model in the 2000 VW New Beetle with a design defect which allowed the seatbelt to unintentionally unlatch. Further, they say that Hiser was wearing his seatbelt, that the buckle unintentionally unlatched during the accident, and that this contributed to Hiser's injuries. Plaintiffs believe Defendants used the same seatbelt model in multiple brands and later stopped using that seatbelt model in all of their brands.
>
> Defendants say the crash and injuries were caused by a teenage driver's negligent and reckless driving, which caused the car to run off the road, overturn, hit an embankment and then a culvert, and land on its side in a creek. Hiser was found partially ejected from the rear of the car. Defendants deny Hiser's injuries were caused by product defects and deny that his seatbelt unlatched. They add that, notwithstanding Hiser's claim that he was wearing a seatbelt, no one, including Plaintiff, testified that he was wearing his seatbelt.
>
> In discovery, Plaintiffs sought information about the seatbelt model, including its development, use in VW company brands, and discontinuation. Defendants provided information about the development and use of the seatbelt model and buckle that were similar to those in the crash in the same brand of car, VW New Beetle Sedans. Plaintiffs move to compel Defendants to provide the information for other model years and other VW brands.
>
> Plaintiffs also seek information about the structure and management of VW, particularly VWAG. Defendants argue that some information requested, including personal identifiable details such as employee's name in an organization chart, is protected under German privacy laws which forbid Defendants from disclosing that information. Further, some of the documents which Defendants have provided are in German and Plaintiffs ask that Defendants be required to translate and produce English language versions of the documents. Defendants state that the documents were created and maintained in the German language during the normal course of business and they should not have to provide translations. Finally, Plaintiffs say that Defendants did not adequately specify the location and identity of some responsive documents and information in those documents and ask that Defendants be compelled to provide specifics.

[DN 88 at 1-3 (record citations omitted).]

Following extensive briefing, the Magistrate Judge issued a 22-page Order granting in part and denying in part Plaintiffs' motion to compel. [*Id.*] He ordered Defendants to "produce any information known to any VW company about the subject seatbelt in any vehicle, not just the VW New Beetle Sedan," [*id.* at 8], including information in the possession of Audi A.G., a non-party subsidiary of VW, [*id.* at 13]. Magistrate Judge King also ordered Defendants to provide complete responses to Plaintiff's Third Request for Production No. 17, which in turn requested "[a]ll documents produced in the Abigail M. Cameron v. Volkswagen litigation, case no. 08-CV-005649, Milwaukee County, Wisconsin." [*Id.* at 13.] Further, the Magistrate Judge held that Defendants may produce documents that redact the names of certain German VW employees, in accordance with German privacy laws. [*Id.* at 18.] Finally, he ruled that Defendants must provide English translations of German documents that they produced in response to Plaintiff's Rule 33(d) interrogatories, but need not translate German documents produced in response to a Rule 34 request for production unless Defendants already possess an English-language translation. [*Id.* at 21.]

Defendants objected to certain portions of the Magistrate Judge's Order. [DN 90.] Plaintiff responded, [DN 94], and Defendants replied, [DN 98]. Fully briefed, this matter is ripe for adjudication.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(A), the Court referred all discovery-related disputes in this case to Magistrate Judge King. When a party timely assigns error to a magistrate judge's nondispositive order, this Court "has authority to 'reconsider' the determination, but under a limited standard of review." *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993) (citing 28 U.S.C. § 636(b)(1)(A)). Under that standard, a magistrate judge's determination must be affirmed unless the objecting party demonstrates that the order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a) (implementing statutory directive). "The 'clearly erroneous' standard applies only to factual findings made by the Magistrate Judge, while [his] legal conclusions will be reviewed under the more lenient 'contrary to law' standard." *EEOC v. Burlington N. & Santa Fe Ry. Co.*, 621 F. Supp. 2d 603, 605 (W.D. Tenn. 2009) (alteration in original) (quoting *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd per curiam*, 19 F.3d 1432 (6th Cir. 1994) (unpublished table disposition)) (internal quotation marks omitted). A factual finding is clearly erroneous where the Court is left "with the definite and firm conviction that a mistake has been committed." *Max Trucking, LLC v. Liberty Mut. Ins. Corp.*, 802 F.3d 793, 808 (6th Cir. 2015) (citing *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)). A legal conclusion is contrary to law if it contradicts or ignores applicable precepts of law. *Sedgwick Ins. v. F.A.B.E. Custom Downstream Sys., Inc.*, 47 F. Supp. 3d 536, 538 (E.D. Mich. 2014).

### III. Discussion

Defendants raise five separate objections to Magistrate Judge King's Order. They claim that the Order is unclear or ambiguous in several respects and provides them with insufficient time to comply with its terms. Defendants further claim that the Magistrate Judge erred by requiring them to provide certain documents already in Plaintiff's possession, as well as their own English translations of certain categories of documents. Finally, Defendants argue that Magistrate Judge King erred in allowing Plaintiffs to cure several overbroad discovery requests. The Court will address each objection in turn.

#### A. Clarity of Magistrate Judge King's Order

First, Defendants state that the Magistrate Judge's Order "fails to provide clear guidance to VWAG with respect to the additional documents it must now search for and produce." [DN 90 at 2.] They claim that the Order is "ambiguous, confusing[,] or open to varying interpretations" in the four specific ways explained below. [DN 90 at 3-4.] Plaintiff agrees with Defendants' interpretation of the Magistrate Judge's Order in several respects, and generally believes that the Order is unambiguous. *See* [DN 94 at 1-3.]

(1) *Specific Requests for Production*

Defendants first contend that "some of the specifically enumerated requests appear to have been included in the Order by mistake." [DN 90 at 4.] Specifically, they state that Plaintiff's "Third Request for Production ("RFP") No. 4 is included among a number of other RFPs which the Order requires VWAG to

answer on the topic of VWAG's 'use of the subject seatbelt in other vehicles.'" [DN 90 at 4 (quoting DN 88 at 5).] However, as Defendants correctly point out, Request for Production No. 4 pertains only to "crash test data and video regarding or related to testing for unintended buckle release on any and all 2000 Volkswagen Beetles," the type of vehicle at issue in this case. [DN 69-7 at 8.] Defendants argue that the Magistrate Judge's inclusion of Request No. 4 in a section purporting to apply only to requests regarding other vehicles is "clearly erroneous." [DN 90 at 4.]

This is not the case. While the Magistrate Judge's subheading might refer to the "use of the subject seatbelt in other vehicles," [DN 88 at 5 (capitalization altered)], a cursory reading of the section in question reveals that Magistrate Judge King's analysis pertains to all the requests for production at issue in Plaintiff's motion to compel, *see, e.g.*, [*id.* at 8 ("Plaintiffs have stated that they expect to discover information and test results showing the alleged design defect *in the subject vehicle or other vehicles* . . . .") (emphasis added)]. Moreover, Plaintiff agrees with Defendants that Request No. 4 pertains only to the 2000 VW Beetle. [DN 94 at 2 n.1.] The Magistrate Judge was unambiguous in ruling that "Defendants shall produce any information known to any VW company about the subject seatbelt in any vehicle, not just the VW New Beetle Sedan. Defendants shall produce any document responsive to Plaintiffs' Third Request for Production Nos. 2, 4, 5, 6, 11, 12, 13, 14, 15, 16, 19, 26, and 27." [DN 88 at 8.] That is what Defendants must now do. Their objection in this regard to the Magistrate Judge's Order is OVERRULED.

(2) *Definition of "Subject Seatbelt"*

In his Order, the Magistrate Judge stated in a heading that Defendants "must provide information regarding the use of the subject seatbelt in other vehicles." [DN 88 at 5.] Defendants point out that the Magistrate Judge's Order does not "specify what constitutes 'the subject seatbelt.'" [DN 90 at 5.] They interpret "subject seatbelt" to include only "the 'unenclosed' buckle with a cutout as used in the subject 2000 New Beetle Sedan." [*Id.* at 6.] Plaintiff agrees that "subject seatbelt" pertains only to the buckle component, but disagrees that only the unenclosed buckle design is at issue. [DN 94 at 2.] Rather, Plaintiff contends that information regarding the "enclosed buckle" design should also be subject to discovery under the Magistrate Judge's Order. [*Id.*]

Plaintiff has the better of this argument. Although the Magistrate Judge did not explicitly state that two types of seatbelt buckle are at issue in this case, he noted that "Plaintiff[] believe[s] Defendants used the same seatbelt model in multiple brands and later stopped using that seatbelt model in all of their brands," and that "information about the subject seatbelt's use in other brands may be admissible to . . . demonstrate the existence of [a] reasonable, safer alternative design." [DN 88 at 2, 6.] Defendants themselves recognize that "[t]he focus of [P]laintiff's motion was clearly on the buckle, with specific reference to two different buckle designs, i.e., the 'unenclosed' buckle with a cutout utilized in the subject vehicle, and the 'enclosed' buckle without a cutout used in subsequent model years of the new Beetle." [DN 90 at 5-6.] Federal Rule of Civil Procedure 26(b)(1)

7

provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Magistrate Judge King correctly recognized that "[r]elevance is to be 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on' any party's claim or defense." *Hadfield v. Newpage Corp.*, No. 5:14-CV-00027-TBR-LLK, 2016 WL 427924, at *3 (W.D. Ky. Feb. 3, 2016) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

The Magistrate Judge suggested, and this Court now holds, that both the enclosed and unenclosed seatbelt buckle designs are relevant to Plaintiff's claims in this case. *See Gray v. General Motors Corp.*, 133 F. Supp. 2d 530, 535-36 (E.D. Ky. 2001) (plaintiff in a seatbelt product liability case required to put forth evidence of a safer, alternative design). Accordingly, when Defendants comply with Magistrate Judge King's Order, they shall provide information regarding both the enclosed and unenclosed seatbelt buckle designs whenever such information is responsive to one of Plaintiff's requests. Defendants' objection seeking to limit the definition of "subject seatbelt" to the unenclosed buckle design is therefore OVERRULED.

(3) *Expansion of Defendants' Discovery Obligations*

Next, Defendants contend that Magistrate Judge King's Order "contains broadly sweeping language which appears to impose document production obligations on VWAG far in excess of any requests actually served by [P]laintiff." [DN 90 at 6.] They point to a sentence appearing on page eight of the Magistrate

8

Judge's Order, which reads, "Defendants shall produce any information known to any VW company about the subject seatbelt in any vehicle, not just the VW New Beetle Sedan." [DN 88 at 8.]  Defendants interpret this sentence as requiring them to disclose this information whether or not it has been requested by Plaintiff. *See* [DN 90 at 6.]  But again, a common-sense reading of Magistrate Judge King's Order belies Defendants' argument.  Quoted in full, the applicable passage says:

> Defendants shall produce any information known to any VW company about the subject seatbelt in any vehicle, not just the VW New Beetle Sedan. Defendants shall produce any document responsive to Plaintiffs' Third Request for Production Nos. 2, 4, 5, 6, 11, 12, 13, 14, 15, 16, 19, 26, and 27.

[DN 88 at 8.]  Read together, and in the context of the entire Order, the Magistrate Judge's meaning is clear.  Defendants shall fully respond to the enumerated requests for production, and their responses shall not be limited to information regarding the use of the subject seatbelt in the VW New Beetle Sedan.  Rather, when information "about the subject seatbelt in any vehicle, not just the VW New Beetle Sedan" is responsive to one of Plaintiff's discovery requests, Defendants shall provide that information as well.  [*Id.*]  In so holding, Magistrate Judge King did not expand the scope of Plaintiff's discovery requests.  He simply ruled that Defendants must fully respond to the enumerated requests for production.  Defendants have presented this Court with no reason to depart from that well-reasoned conclusion.  Defendants' objection here is also OVERRULED.

(4) *Translation of Documents*

Finally, Defendants claim that one sentence in the Magistrate Judge's Order regarding translated documents is ambiguous. As more fully explained in section III.D. below, Magistrate Judge King ordered that Defendants must produce English-language versions of any documents produced or pointed to in response to a Rule 33(d) interrogatory, but need not produce English translations of documents produced in response to a Rule 34 request for production unless Defendants already possess such a translation. Defendants object to the following sentence on page 21 of the Magistrate Judge's Order: "Defendants need not translate documents into English where Defendants have only used those documents to respond to Rule 34 requests for production and not pointed to those documents in response to Rule 33 interrogatories." [DN 88 at 21.] They argue that "it is unclear from the context whether [that sentence] is to be read in the conjunctive where translation is only required if both conditions apply, or the disjunctive where translation is required if either condition applies." [DN 90 at 8 (emphasis removed).]

When read in conjunction with the sentence that follows, though, the Magistrate Judge's meaning is quite clear. He goes on to say, "For documents that Defendants produced in-language in German pursuant to Rule 34, and which Defendants also have in English language versions . . . Defendant shall produce to Plaintiffs the English language translations." [DN 88 at 21.] Taken together, the implications of these sentences for Defendants are simple. If Defendants produced or pointed to German documents in response to a Rule 33(d) interrogatory, they

10

must provide English translations of those documents. If Defendants produced German documents in response to a Rule 34 request for production, they need only provide English translations of those documents if such a translation already exists. The sentence to which Defendants object merely clarifies that if Defendants produced a German document in response to a Rule 33(d) interrogatory and also produced that same document in response to a Rule 34 request for production, they must provide an English translation of that document. This interpretation is plain from the face of the Magistrate Judge's Order. Defendants' objection to the above-quoted sentence is therefore OVERRULED.

### B. Defendants' Time to Comply

Second, Defendants contend that the Magistrate Judge's Order "provides VWAG with insufficient time to search for and produce a potentially enormous volume of additional documents." [DN 90 at 2.] The Order, entered on August 1, 2016, provided Defendants with thirty days to comply with its terms. But due to the complex nature of this case, several months have passed since the Magistrate Judge's decision. Defendants represent to the Court that during the pendency of their objections, they have located and produced responsive documents on a rolling basis. [DN 90 at 9 n.6.] Accordingly, thirty days from the entry of the instant Order should provide Defendants with ample time to complete the required discovery supplementations.

C. *Cameron* Litigation Documents

Third, Defendants believe the Order "fails to properly consider that [P]laintiff already has documents from a previous lawsuit known as the *Cameron* case." [DN 90 at 2.] Plaintiff's Third Request for Production No. 17 asks for "[a]ll documents produced in the Abigail M. Cameron v. Volkswagen litigation, case no. 08-CV-005649, Milwaukee County, Wisconsin." [DN 69-7 at 14.] Defendants responded to Request No. 17 by stating their objections and referring Plaintiff to "VWAG Production Exhibit 'D'," engineering drawings of the seat belt system and buckle produced in *Cameron*. [*Id.*] But Plaintiff, in his motion to compel, provided examples of other documents besides "VWAG Production Exhibit 'D'" that were produced by Defendants in the *Cameron* litigation. Accordingly, the Magistrate Judge recognized that "the documents Defendants provided in response to Request No. 17 were not all the responsive documents," and ordered Defendants to fully answer Request No. 17. [DN 88 at 14.]

Defendants now object, claiming that "[t]he Order fails to properly consider the fact that [P]laintiff's counsel already have documents from *Cameron* [as] is apparent from their use of *Cameron* documents in the reply brief." [DN 90 at 10 (emphasis removed).] In their view, the Magistrate Judge's Order is contrary to Rule 26(b)(1), because requiring Defendants to produce the *Cameron* documents Plaintiff already possesses would impose a disproportionate burden upon Defendants. *See* [*id.*] They propose a solution, which would require Plaintiff to inform Defendants of the *Cameron* documents that Plaintiff currently possesses.

12

[*Id.* at 11.] Defendants would then provide Plaintiff with any additional *Cameron* documents they have. Plaintiff is agreeable to this proposal. [DN 94 at 4.] Therefore, within thirty days of the entry of this Order, Plaintiff shall provide Defendants with a list of the documents it possesses from the *Cameron* litigation. Within thirty days of Defendants' receipt of that list, Defendants shall provide all other documents from the *Cameron* litigation. Accordingly, Defendants' third objection to the Magistrate Judge's Order is moot, and is therefore OVERRULED.

### D. Translated Documents

Fourth, Defendants argue that "any document which VWAG's counsel may have translated into English solely for the purpose of litigation . . . is protected as work product." [DN 90 at 2.] The Magistrate Judge ordered that "Defendants need not translate documents into English where Defendants have only used those documents to respond to Rule 34 requests for production and not pointed to those documents in response to Rule 33 interrogatories." [DN 88 at 21.] However, the Magistrate Judge ordered production of any "documents that Defendants produced in-language in German pursuant to Rule 34, and which Defendants also have in English language versions." Stated otherwise, the Magistrate Judge's Order requires Defendants to produce two categories of documents in English: any documents produced or pointed to in response to a Rule 33(d) interrogatory, and any documents produced in response to a Rule 34 request for production for which Defendants already possess an English language translation. Defendants argue that the Magistrate Judge erred to the extent that he ordered production of English

13

translations "made for use of [Defendants'] counsel solely for purposes of litigation," because those translations are protected work product. [DN 90 at 11.] In Defendants' estimation, the "informal, uncertified . . . translations" defense counsel have obtained "are, in effect, attorney notes and impressions and their production would reveal defense counsel's analysis and thought processes." [DN 98 at 4.] Citing case law, Plaintiff responds, contending that translations are either not work product, or are merely ordinary work product that Plaintiff can discover upon a showing of substantial need and undue hardship. [DN 94 at 5.]

Defendants' arguments are not novel. Indeed, "[a] recurring argument . . . is that an attorney's selection of which documents to translate is protected opinion work product under Rule 26(b)(3) as it reflects the mental opinions and impressions of the attorney." *Nature's Plus Nordic A/S v. Natural Organic, Inc.*, 274 F.R.D. 437, 439 n.1 (E.D.N.Y. 2011). Courts passing upon the issue consistently hold that English-language translations must be produced. Some courts hold that translations prepared during litigation constitute ordinary work product. *See, e.g.*, *id.* at 439-40 (citing *In re Air Crash Disaster Near Warsaw, Poland on May 9, 1987*, No. MDL 787, 1996 WL 684434 (E.D.N.Y. Nov. 19, 1996)). In such cases, courts typically find (as did the Magistrate Judge) that forcing the receiving party to translate foreign documents would impose an undue hardship, especially when English translations already exist. *See In re Air Crash*, 1996 WL 684434, at *2 (holding that selection of translated documents was ordinary work product and that plaintiff had shown sufficient need and hardship); *contra Shionogi & Co., Ltd. v.*

14

*Intermune Inc.*, No. C-12-034952, 2012 U.S. Dist. LEXIS 173452 (N.D. Cal. Dec. 6, 2012) (holding that requesting party had not sufficiently shown substantial need or undue hardship to discover translated documents). Yet other courts decline to treat an attorney's selection of translated documents as work product. *See, e.g.*, *Contretas v. Isuzu Motors, Ltd. of Japan*, No. Civ. SA-98-CA-442-JWP, 1999 WL 33290667, at *3 (W.D. Tex. Apr. 2, 1999) ("[T]he work product of defense counsel would not be revealed by the disclosure of all English translations.")

Either way, the end result is the same. The Magistrate Judge correctly identified that when in response to a Rule 33(d) interrogatory, the responding party provides or points to foreign language documents, "the burden of identifying the relevant information . . . will be substantially greater for the requesting party . . . than for the responding party." [DN 88 at 20 (citing *Sungjin Fo-Ma, Inc. v. Chainworks, Inc.*, Civil Action No. 08-CV-12393, 2009 WL 2022308, at *5 (E.D. Mich. Jul. 8, 2009)).] Nor did the Magistrate Judge err in holding that Defendants must respond to Plaintiff's requests for production with English documents if those documents already exist. *See Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, No. 2:06-cv-0916, 2008 WL 5111184, at *2 (S.D. Ohio Dec. 2, 2008) (responding party required to produce only the document that had previously been translated from Chinese to English). Defendants have not met their burden to show that the Magistrate Judge's factual findings regarding substantial need and undue hardship with respect to the translated documents were clearly erroneous, nor have Defendants shown that the Magistrate Judge's holding was contrary to law. As

15

such, their objections to this portion of the Magistrate Judge's Order are OVERRULED.

### E. Timeliness of Plaintiff's Revised Requests for Production

Finally, Defendants aver that the Magistrate Judge's Order "improperly allows [P]laintiff to 'cure' defective requests and resubmit them more than a year after the deadline for serving written discovery requests." [DN 90 at 2.] The Magistrate Judge held in his Order that Plaintiff's Third Request for Production Nos. 3, 7, 21, 34, and 35 are "too broad because they request all information, not just information related to the subject seatbelt, subject vehicle, time period, or limited in any other way." [DN 88 at 9.] He ruled that "Defendants need not supplement their answers to these requests." [*Id.*] Rather, the Magistrate Judge allowed Plaintiff to "reform" those requests for production and "resubmit" them to Defendants. [*Id.*] Defendants now object to this portion of the Magistrate Judge's Order, arguing that these revised requests for production will fall well outside the May 1, 2015 deadline previously established for serving written discovery requests in this case. [DN 90 at 12; *see* DN 26.] Plaintiff responds, stating that the Magistrate Judge's Order "merely allows Plaintiff to cure its existing requests." [DN 94 at 7.] Plaintiff further requests that this Court enter an Order "specifically approv[ing] of the narrowed discovery requests" tendered by Plaintiff as Exhibit A to his response. [DN 94 at 7; *see* DN 94-1.]

For several reasons, Plaintiff has the better of this argument. As Defendants correctly point out, the May 1, 2015 deadline for written discovery

16

requests has not been altered by this Court. But these are not new requests – rather, they are narrowed versions of requests originally propounded by Plaintiff in 2015, before the deadline passed. Further, these specific requests for production have been contested since April 2016, when Plaintiff filed his motion to compel. *See* [DN 69.] What's more, Defendants' arguments regarding timeliness in this regard are belied by their own statements. [DN 98 at 7 ("In truth, there is no urgency. This case is not set for trial. There is no current pretrial schedule.").] Ultimately, the Magistrate Judge, well aware of the Court's previous timelines, acted within his discretion to afford Plaintiff with an opportunity to reformat and resubmit his overly broad requests for production. Defendants fail to cite a single statute, rule, or case demonstrating that the Magistrate Judge erred in this regard. Accordingly, their objections to the portion of the Magistrate Judge's Order allowing Plaintiff to reformat and resubmit Requests Nos. 3, 7, 21, 34, and 35 are OVERRULED.

However, the Court will not go so far as to issue an order approving of Plaintiff's proffered requests. The Court previously referred discovery in this matter to Magistrate Judge King. Entering the order that Plaintiff desires would prevent Defendants from making any objections to the reformatted requests, as is their right, and would usurp the Magistrate Judge's authority to hear those objections in the first instance.

17

## IV. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' objections [DN 90] to Magistrate Judge King's August 1, 2016 Order are OVERRULED. Defendants shall have thirty (30) days from the entry of this Order to comply with the Magistrate Judge's ruling.

CC: Counsel of Record